**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Lloyd Ray BRADSHAW,
Defendant-Appellant.**

No. 84-2504.

United States Court of Appeals,
Tenth Circuit.

July 10, 1985.

Before BARRETT, McWILLIAMS and McKAY, Circuit Judges.

ORDER AND JUDGMENT

In accordance with 10th Cir.R. 9(e) and Fed.R.App.P. 34(a), this appeal came on for consideration on the briefs and record on appeal.

This matter is before the court on defendant-appellant's renewed application for bail pending appeal pursuant to Fed.R. App.P. 9(b). In the interest of justice, we partially remand the matter to the district court for reconsideration of defendant's application for release pending appeal under the standards announced by our decision in *United States v. Affleck*, 765 F.2d 944 (10th Cir.1985). Accordingly, the matter is partially remanded for such further proceedings as are appropriate. *See* 10th Cir.R. 17(b).

Upon the conclusion of the proceedings contemplated by this order, the district court shall promptly certify the record of the proceedings as a supplemental record. Further, the parties shall, within ten days of the transmittal of the supplemental record on appeal, furnish statements of their respective positions regarding the proceedings on remand.

The partial mandate shall issue forthwith.

McKAY, Circuit Judge, dissenting from the denial of the motion for bail pending appeal:

The trial court refused to grant bail pending appeal on the so-called "substan-

tial likelihood" ground. Having gone through the mini-appeal analysis mandated by the court's opinion in *United States v. Affleck,* 765 F.2d 944 (10th Cir.1985), I conclude that, however viewed, this appellant meets the test. One of the issues on appeal is the improper refusal to disqualify a juror for bias and interest. In substance, defendant called to the attention of the court the fact that the juror had had acquaintance and business relationships with important witnesses whom the defendant wished to disqualify. The record before us reveals that the trial court imposed upon the defendants a burden to make written motion that the rules do not require. If that doesn't raise a substantial question, then I suspect we don't have any in which the trial court himself should not grant a new trial. If indeed a juror was improperly left on the jury panel, I should be astounded if that is not reversible error, whatever the record otherwise reflects.

At a minimum, I would let the trial court read our opinions in *United States v. Affleck,* 765 F.2d 944 (10th Cir.1985), before I accepted its judgment as final on the question of the substantiality of the appeal. In addition, I would grant bail for the reasons stated in my dissent in *United States v. Affleck,* 765 F.2d 944 (10th Cir.1985) (McKay, J., dissenting).